[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

No. 08-15721
Non-Argument Calendar

D. C. Docket No. 06-00943-CV-ORL-22-KRS

MICHAEL A. VALDIVIA, JR.,
as Personal Representative of the
Estate of Michael A. Valdivia, Sr., Deceased,

                                        Plaintiff-Appellant,

                        versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(June 2, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Michael A. Valdivia, Jr. ("Valdivia"), as personal representative of the Estate of Michael A. Valdivia, Sr., deceased ("decedent"), brought an action against the United States of America alleging medical malpractice under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80 ("FTCA"). Specifically, Valdivia, alleged that the Veterans Affairs Medical Center in Miami, Florida ("VAMC"), through its employee medical doctors, negligently failed to diagnose the decedent's terminal colon cancer.

After conducting a three-day bench trial, the district court made findings of fact and conclusions of law. Among other things, the district court found that VAMC violated the applicable standard of care by (1) failing to screen the decedent for colon cancer prior to 2001 (at which time he was 69 years old), and (2) failing to conduct follow-up testing after a fecal occult blood test ("FOBT") on the decedent returned a trace positive result for blood. Although the district court found the VAMC was negligent in its care of the decedent, the court found that neither of these breaches in care was the proximate cause of the decedent's death.

As is typical in medical malpractice cases, there was conflicting evidence by experts on both sides. In the present case, the district court credited the testimony of the government's expert witness, board-certified colon and rectal surgeon Michael D. Hellinger, M.D., who opined that the decedent's cancer likely had

arisen from a rare, "non-polypoid colorectal neoplasm, which [had] aggressively spread to the [decedent's] liver at an early stage." (Doc. 66 at 9).

The district court also explained why it had found Dr. Hellinger's testimony on the issue of causation more persuasive than the contrary testimony of the expert witness who had testified on behalf of the decedent.

"We review for clear error factual findings made by a district court after a bench trial." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007); Fed. R. Civ. P. 52(a).

After reviewing the record and reading the parties' briefs, we cannot say that the district court's findings concerning causation are clearly erroneous. The district court heard the testimony of all of the witnesses in this case, including the experts, and was entitled to credit the testimony of the government's expert witness over that of Valdivia's expert witness. Accordingly, we affirm the judgment entered in favor of the United States.

**AFFIRMED.**